## THE CITY OF ST. LOUIS vs. McDONALD.

A person who contracts to do certain work for another, and is discharged or prevented from completing his work, cannot recover the whole contract price, without shewing a faithful compliance on his part.

## APPEAL from St. Louis Court of Common Pleas.

Knox, *for Appellant, insists:*

1st. The measure of damages, (if any were recoverable,) was not the full amount of the installments, as stated in the 2nd instruction given, but the actual profits the plaintiff would have made, had he completed the contract, or the actual damage he sustained in consequence of being thrown 'out of employment. 7 Greenl. Rep., 51; Miller vs. Mar. Church, 6 Greenl. Rep., 208; Nourse vs. Snow, Chitty on Contracts, 3rd Amer. Ed., 343; 21 Wend., 457.

2nd. No action could be sustained upon said contract, until McDonald had demanded the certificate of the Street Inspector, for the amount due.

3rd. The contract being made with a municipal corporation, under an ordinance regulating the making of such contracts, of the existence of which the plaintiff was bound to take notice, the provisions of said ordinance are as much a part of the contract as if they were expressly inserted.

4th. The Court of Common Pleas erred in excluding evidence, that the plaintiff was so addicted to drunkenness, as to be incapable of performing his contract.

5th. The 1st instruction given, is erroneous, inasmuch as it says that the jury, in order to find for the defendant, must find an entire failure on the part of the plaintiff, to comply with his obligation.

6th. The 4th instruction given, was erroneous.

7th. The 3rd instruction asked by the counsel for defendant, should have been given. Chitty on Contracts, 3rd Amer. Ed., 16; Chitty's Pl., 7th Amer. Ed., 351-2; 2nd John. R., 207, Green vs. Reynolds.

8th. The court erred in refusing the 4th instruction, asked by defendant's counsel.

Callahan, *for Appellee, insists:*

1st. The court below properly overruled the motion in arrest. For, the declaration, though not

very formal in some of its parts, is in substance good enough, and sufficeintly supports the judgment.

2nd. The refusal of the Court of Common Pleas to set aside the verdict and grant a new trial, did not involve error.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of assumpsit, brought by McDonald against the City of St. Louis, upon a written contract between the parties, in which McDonald became the contractor for cleaning certain streets in the City, at a specified price. By the agreement, McDonald was to receive his pay in monthly installments, and it was further agreed, that if he neglected to perform his work, to the satisfaction of the Inspector of the district where the work was to be done, the said Inspector might cause the work to be performed by some other person, and deduct the expense from McDonald's compensation. The contract provided for the continuation of McDonald's services for nearly a year, to wit, from the 14th March, 1845, to the first Monday of March, '46. It was further agreed, that the contractor should receive City warrants in payment of his stipulated price. The plaintiff obtained a verdict for $807 92.

It appeared upon the trial, that the street Inspector was dissatisfied with the manner in which McDonald's work was done, and that he was discharged on the 28th of April, 1845, by a notification from the Mayor, declaring his contract forfeited. Evidence was given on either side, to show the manner in which McDonald had done his work. The evidence on behalf of the plaintiff tending to show, that he had performed his contract up to the time of his discharge, and that on behalf of the defendant being aimed to prove the reverse.

The court instructed the jury, as follows:

1. "There is no reservation in the contract given in evidence of the right to supersede the contractor, and therefore the jury must find an entire failure on the part of the plaintiff to comply with his obligation, in order to find for the defendant.

2. If the jury shall find from the evidence, that the contract was in part fulfilled, the remedy of the City for any partial failure, was by employing hands at the expense of the contractor, to complete the work; and on such finding the jury must give the plaintiff the full amount of the installments due and remaining unpaid on the contract at the time of instituting this suit.

3. The jury will credit the City with such payments as they shall be

satisfied from the evidence were made for and on account of work done by others, which ought to have been done by the plaintiff, before he was dismissed by the street Inspector.

4. If the jury find from the evidence, that the street Inspector, acting under orders from the Mayor, declared to the plaintiff, that his contract was forfeited, and proceeded to contract with another person for the work, which had been let to him, that is sufficient evidence to sustain the plaintiff's averment, that he was prevented, discharged and forbidden from executing his contract."

Exceptions were taken to these opinions of the court, and the case is brought here by appeal.

The only question we shall examine, is the one presented by the instructions. The Court of Common Pleas seemed to be of opinion, that the only remedy for a failure on the part of McDonald to comply with his contract, was the one which the City had in terms provided for in the contract, and from this position drew the inference that his damages should be the entire compensation agreed upon, deducting of course the amount he had actually received. The ordinance of the City under which this contract was made, required the street Inspector, whose duty it was to make contracts of this character, to have it stipulated in the contract, "that if the contractor, in the judgment of the street Inspector, at any time failed to fulfil his contract, or if he at any time failed to obey the directions of the street Inspector in relation to said work, the street Inspector might cause the said work to be done at the expense of the contractor and deduct the expense thereof from the amount contracted to be paid to him by the City, and in case such expense should exceed said contract price, that said contractor and his securities should be bound to repay such excess to the City; and that if the contractor died or became unable or failed a second time to perform his contract, the Mayor might, upon the fact being represented to him, by the street Inspector, declare such contract annulled, and that the contract was entered into subject to the City Ordinances." (Ordinances, &c. p. 283.) This provision in relation to the right of the City to dismiss the contractor, under certain contingencies, was omitted in the contract with McDonald, though it was stipulated as the ordinance required, that if McDonald failed to do his work in a manner satisfactory to the street Inspector, that this officer might employ others to do the work and charge the expense thereof to McDonald. If we adopt the construction which the court below gave to this contract, and agree with that court in holding the only redress of the City to be the one provided for in the contract, we cannot sanction the

rule of damages, which that court laid down to the jury. That rule was recognized by this Court in the cases of Rucker vs. Edding, and Little vs. Mercer; but it was never applied in a case, where the party seeking an entire compensation for his contract for a partial performance, has failed on his part to comply with his contract, up to the time of the act of prevention. Is it not manifest, that to apply the rule in such a case, would work gross injustice? Where the dismissal of the servant or laborer, or contractor, is brought about by his own negligence or unfaithfulness in business, shall such servant or contractor be permitted to recover his entire wages, even though no power of discharge has been reserved? The cases in which the servant has been allowed to recover his entire wages, are cases, in which he has been without fault, and to entitle him to such recovery, he must prove a faithful compliance on his part. If the law were otherwise, the servant would find it to his interest to neglect that of his employer. If he be allowed to recover a whole year's wages for two months work, and that so badly done as to occasion his discharge, he would find a profit in a negligent or inefficient discharge of his duties. In considering the application of this rule of damages, the right of the Mayor to dismiss the contractor should be laid out of the question. If the whole compensation be claimed, where there has been only a partial performance, the contractor must at least show a faithful compliance on his part, so long as he was permitted to proceed with his work.

We do not mean to apply these remarks, except hypothetically to the case of the appellee. Whether he was in fault or not the verdict of the jury has not determined. That question was not submitted to them.— Instructions placing the case on this ground were asked, but refused. The judgment will therefore be reversed and the cause remanded.